**Bessie Mae BAKER, Plaintiff,**

**v.**

**UNIT PARTS COMPANY and Amalgamated Meat Cutters and Butcher Workmen of North America, AFL–CIO, Local Union No. P–1170, Defendants.**

**Civ. No. 78–1201–W.**

United States District Court, W. D. Oklahoma.

April 24, 1980.

Geary L. Walke, Del City, Okl., for plaintiff.

James C. Wilson, Hicks, Gillespie & James, P. C., Dallas, Tex., Burck Bailey, Fellers, Snider, Blankenship, Bailey & Tippens, Oklahoma City, Okl., for defendants.

## ORDER

LEE R. WEST, District Judge.

This case came before the Court on April 10, 1980, for oral argument by the parties on Defendant Union's Motion for Summary Judgment. Rule 56, Federal Rules of Civil Procedure. Defendant filed a brief in support of its Motion, Plaintiff filed a response brief which was replied to by Defendant. Having duly considered the Motion and accompanying briefs and having heard oral arguments on this Motion, the Court rules as follows.

Defendant makes three alternative arguments as to why it is entitled to summary judgment. First, the Union argues that it has not violated the duty of fair representation it owed Plaintiff since Plaintiff has not alleged or introduced proof that the Union's conduct was arbitrary, discriminatory, or in bad faith. Second, the Union argues that Plaintiff's claim for recovery is barred by Plaintiff's failure to invoke and exhaust the grievance procedure established under the collective bargaining agreement between the Defendant Union and Defendant Company. Third, the Union argues that Plain-

tiff's failure to exhaust available internal union remedies before filing suit bars her claim for relief.

### A. Breach of the Duty of Fair Representation

■ Since the Union is entitled to a judgment as a matter of law if the Union has fairly represented Plaintiff, the application of the standard for granting summary judgment in this case means that there can be no dispute about whether the Union's representation was arbitrary, discriminatory, or in bad faith. *Vaca v. Sipes*, 386 U.S. 171, 190, 87 S.Ct. 903, 916, 17 L.Ed.2d 842 (1967). The burden of showing that there is no issue of fact concerning the Union's conduct being arbitrary, discriminatory, or in bad faith as to the Plaintiff is on the Union since it is the party seeking summary judgment. *Willetts v. Ford Motor Company*, 583 F.2d 852, 854–855 (6th Cir. 1978).

■ Viewing the record in the light most favorable to Plaintiff, the Union has not carried its burden. See *Mogle v. Sevier County School District*, 540 F.2d 478, 482 (10th Cir. 1976), cert. denied, 429 U.S. 1121, 97 S.Ct. 1157, 51 L.Ed.2d 572. Plaintiff's allegations and evidence show that on August 15, 1977, Plaintiff returned to work following an absence due to surgery. Instead of going to work she was given a letter of termination by the Company. The next day, August 16, 1977, Plaintiff received a phone call from Tom Sewell, business agent for the Union. Mr. Sewell talked with the Plaintiff and told her that he would try to get her job back for her. Mr. Sewell never contacted Plaintiff again concerning her employment with Defendant Company. Plaintiff therefore argues that the Union breached its duty of fair representation by omitting or failing to negotiate a settlement, process a grievance, or advise Plaintiff as to her grievance procedure alternatives.

■ The Union argues that its alleged failure "to do anything on Plaintiff's behalf" is not in itself an act of unfair representation. However, a number of courts have found the union liable for failing to

process, or for improperly processing, a grievance where the union's action can fairly be described as careless. *Vaca v. Sipes, supra*, 386 U.S. at 191, 87 S.Ct. at 917 ("union may not arbitrarily ignore a meritorious grievance or process it in a perfunctory fashion"); *Ruzicka v. General Motors Corporation*, 523 F.2d 306, 310 (6th Cir. 1975) (where the union made no decision as to the merits of a member's grievance, but merely allowed it to expire out of negligence and perfunctory handling, union violated the duty of fair representation). Thus, a total failure to act, except for proper reason, can be sufficiently egregious to warrant union liability. Accordingly, there is a genuine issue of fact present in this case and summary judgment on the fair representation issue is inappropriate. *Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970); *Ando v. Great Western Sugar Company*, 475 F.2d 531 (10th Cir. 1971).

### B. Failure to File a Grievance Under the Collective Bargaining Agreement

Defendant Union argues that Plaintiff's claim for recovery is barred as a matter of law because of Plaintiff's failure to invoke and exhaust the grievance procedure established under the collective bargaining agreement. While exhaustion of the grievance procedure might be an appropriate prerequisite before bringing suit, the facts of this case would excuse such prerequisite.

■ When a union makes no decision as to the merit of an individual's grievance, but merely allows it to expire by negligently failing to file the grievance or informing its member to do so, the union cannot then rely on this failure to exempt them from suit. To conclude otherwise would allow the Union to benefit from its own wrong.

■ In the instant case, the collective bargaining agreement provided for a grievance procedure which required that the grievance must be filed within five days of the event giving rise to the grievance or coming to the attention of the aggrieved party. Plaintiff became aware of her dis-

charge on March 15, 1977. Under the collective bargaining agreement, she was deemed to have waived and forfeited her right to a grievance if no action had been taken by August 20, 1977. Inasmuch as the Union called Plaintiff on August 16, 1977, and allegedly assured her that they would look into the discharge, it was reasonable for Plaintiff to rely on that assurance and take no further action during the remaining four day period. Accordingly, the Court holds that Plaintiff's failure to file a grievance is excused under the circumstances of this case. Cf. *Buchholtz v. Swift & Co.*, 609 F.2d 317, 320 (8th Cir. 1979) ("If such exhaustion is required generally, however, it is certainly not the case that the courts are powerless to exercise discretion by assessing the adequacy of the remedy afforded and thus the essential utility of mandating exhaustion in a given case.").

C. Failure to Exhaust Intra-union Remedies

■ In its third line of defense, the Union argues that Plaintiff's claim is barred as a matter of law for having failed to exhaust internal union remedies provided by the Union's constitution. Where a union provides its members with an appeal procedure, resort to the means of appeal is generally required prior to consideration of the member's unfair representation claim in federal court. *Buchholtz v. Swift & Co.*, supra. The reasons for this exhaustion requirement have been stated as follows:

"[I]ntra-union remedies are part and parcel of the industrial in-house procedure for settling labor disputes. The primary benefit of requiring initial submission of employee complaints against a union that refuses to help process a grievance against a company is that internal machinery can settle difficulties short of court action. Thus, federal policy requires 'staying the hand of "judicial interference with the internal affairs of a labor organization until it has had at least some opportunity to resolve disputes concerning its own internal affairs." ' *Imel v. Zohn Mfg. Co.*, 481 F.2d 181, 183 (10th Cir. 1973), cert. denied, 415 U.S. 915,

94 S.Ct. 1411, 39 L.Ed.2d 469 (1974), *quoting Brady v. Trans-World Airlines*, 401 F.2d 87, 104 (3rd Cir. 1968), cert. denied, 393 U.S. 1048, 89 S.Ct. 684, 21 L.Ed.2d 691 (1969)."

*Ruzicka v. General Motors, supra*, 523 F.2d at 311. See, *Fizer v. Safeway Stores, Inc.*, 586 F.2d 182, 184 (10th Cir. 1978) (Tenth Circuit recently reaffirmed this principle).

■ Exhaustion of intra-union remedies is not mandatory and courts in their discretion must determine whether pursuit of such remedies is required. Courts will generally require an exhaustion of intra-union remedies in the absence of some showing that to do so would be futile or that the remedies are inadequate or unreasonable. *Fizer v. Safeway Stores, Inc., supra; Buchholtz v. Swift & Co., supra; Foy v. Norfolk & Western Railway Co.*, 377 F.2d 243, 246 (4th Cir. 1967). Thus, the facts of each case must be analyzed in regard to futility, adequacy of remedy, and reasonableness of an exhaustion requirement in the context of the alleged breach of contract and unfair representation. *Buchholtz v. Swift & Co., supra.*

■ Plaintiff's judicial complaint does not assert that she has exhausted her internal remedies against the Union and it was admitted at oral argument that Plaintiff made no official approach in that direction. The Union's constitution provides for internal appeals to the District Director for the Local Union, to the President of the International Union, to the International Executive Board, and to the next convention of the International Union. It is undisputed that Plaintiff made no effort to utilize these internal appeal procedures and therefore she has never given the system a chance to work. Plaintiff does not allege or argue that any such appeal would have been futile or that these available remedies were inadequate or unreasonable but seems to contend that they were unnecessary. In light of Plaintiff's total failure in this effort, summary judgment in favor of the Union should be granted. *Fizer v. Safeway Stores, Inc., supra; Imel v. Zohn Manufac-*

*turing Company, supra; Willetts v. Ford Motor Company, supra; Bsharah v. Eltra Corporation,* 394 F.2d 502 (6th Cir. 1968).

IT IS SO ORDERED.