INTERNATIONAL UNION OF ELEVATOR CONSTRUCTORS AFL–CIO, LOCAL NO. 4, Plaintiff,

v.

INTERNATIONAL UNION OF ELEVATOR CONSTRUCTORS AFL–CIO, Defendant.

Civ. A. No. 88–244–C.

United States District Court, D. Massachusetts.

Nov. 14, 1988.

Paul F. Kelly, Segal, Roitman & Coleman, Boston, Mass., for plaintiff.

Donald Capuano, Robert Matisoff, O'Donoghue and O'Donoghue, Washington, D.C., Aaron D. Krakow, Feinberg & Feld, Boston, Mass., for defendant.

## MEMORANDUM

CAFFREY, Senior District Judge.

The plaintiff, International Union of Elevator Constructors, AFL–CIO, Local No. 4 ("Local 4") has brought this action against the International Union of Elevator Constructors, AFL–CIO ("International"). The action is brought pursuant to Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185, and alleges that the International's General Executive Board unlawfully amended the Constitution of the International. The case is now before the Court on the parties' cross motions for summary judgment. After a hearing and lengthy consideration of the pleadings, this Court has determined that the plaintiff's motion for summary judgment should be denied and that defendant's motion for summary judgment should be allowed.

Local 4 is an affiliate labor organization of the defendant International. Local 4 represents elevator constructor mechanics and helpers in eastern Massachusetts and New Hampshire, with its principal place of business in Quincy, Massachusetts. The International is composed of approximately seventy-five local union affiliates in the United States and Canada. The affairs of the International are conducted by the delegates to its conventions, which occur every five years, and between conventions, by its General Executive Board. The International is governed by a Constitution and By–Laws that provide the substantive allocation of powers and duties among the bodies of the union.

The last convention took place in July of 1986, in Denver, Colorado. At that convention, the constitution committee presented a report to the delegates which would authorize the General Executive Board to "revise and update" certain provisions in the Constitution after the Convention.[1] No objections were raised to presentation of the report, and it was adopted by a voice vote of the delegates.

Following the 1986 Convention and pursuant to the report, the General Executive Board revised extensively the rules of order and order of business in the International Constitution. These provisions deal with the procedure and rules governing the union conventions. The changes were printed in the new Constitution ("the 1986 Constitution") at Articles III and III(A). In a July 14, 1987 letter to the General

---

1. This report was presented on July 25 and provided:

    Mr. Chairman and Delegates:
    During the deliberation of your Constitution Committee we had the opportunity to review the Order of Business of the Convention and the Rules of Order—Convention of the IUEC contained on pages 12 to 14 and 77 to 79 of the IUEC Constitution.
    Your Committee finds that many of the provisions contained in these sections are outmoded and unclear. They need modernization.

    Your Committee therefore recommends that the delegates authorize the General Executive Board to revise and update the Order of Business of the Convention and the Rules of Order—Convention contained on pages 12 to 14 and 77 to 79 after this Convention and have such revised and updated provisions included in and become part of the new Constitution when it is printed.
    Mr. Chairman, your Committee moves for adoption of its report.
    (1986 Proceedings at p. 161).

Executive Board, Local 4 challenged these revisions as *ultra vires* amendments to the International Constitution. The General Secretary–Treasurer dismissed the appeal on the grounds that the revisions were authorized by the 1986 Convention and that the appropriate forum for Local 4's challenge would be the 1991 Convention. Local 4 now requests this Court to declare the revisions to the rules of order and order of business invalid, and to direct the International to republish the 1986 Constitution incorporating only those amendments that were adopted by the delegates during the 1986 Convention.

Section 301(a) of the Labor Management Relations Act establishes federal district court jurisdiction for "[s]uits for violation of contracts … between any … labor organizations [representing employees in an industry affecting commerce as defined in this chapter]." 29 U.S.C. § 185(a). In *Plumbers & Pipefitters AFL–CIO v. Local 334, Plumbers & Pipefitters*, 452 U.S. 615, 101 S.Ct. 2546, 69 L.Ed.2d 280 (1981), the Supreme Court held that union constitutions are contracts within the meaning of Section 301(a). *Id.* at 625, 101 S.Ct. at 2552. The Supreme Court also rejected the requirement that a dispute must have a "significant impact" on labor-management relations to trigger Section 301(a) jurisdiction. *Id.* at 625–26, 101 S.Ct. at 2552–53. Given the *Plumbers & Pipefitters AFL–CIO* decision and the fact that Local 4 and the International are clearly labor organizations as described by Section 301(a), this Court finds that it has sufficient jurisdiction to hear this case.

■ Though this Court is able to take jurisdiction of this action under Section 301(a), we do not reach the merits of plaintiff's claim due to another threshold barri-

er.[2] This Court recognizes the well-established general policy against judicial interference in the internal affairs of unions. *Calhoon v. Harvey*, 379 U.S. 134, 140, 85 S.Ct. 292, 296, 13 L.Ed.2d 190 (1964); *Truck Drivers v. International Brotherhood of Teamsters*, 482 F.Supp. 266, 272 (D.Mass.1979); *Local Union 1219 v. United Brotherhood of Carpenters & Joiners of America*, 314 F.Supp. 148, 151 (D.Me. 1970), *aff'd*, 493 F.2d 93 (1st Cir.1974). Consistent with that policy, unions must attempt an internal resolution of their disputes before seeking judicial relief in Section 301(a) actions. *Parks v. International Brotherhood of Electric Workers*, 314 F.2d 886, 917 (4th Cir.1963), *cert. denied*, 372 U.S. 976, 83 S.Ct. 1111, 10 L.Ed.2d 142 (1963); *Truck Drivers v. International Brotherhood of Teamsters*, 482 F.Supp. at 27. This exhaustion requirement may be waived where the union remedy would be unreasonable because of probable delay, *Keck v. Employees Independent Association*, 387 F.Supp. 241, 251 n. 19 (E.D.Pa. 1974), or where the internal remedies would be futile or would result in irreparable injury due to delay. *Central Massachusetts Area Local v. American Postal Workers Union, AFL–CIO*, No. 87–2956, slip op. at 7, (D.Mass. May 31, 1988); *Local Union 1219 v. United Brotherhood of Carpenters & Joiners of America*, 314 F.Supp. at 151. Neither of these exceptions has been established in the present case, and therefore the exhaustion requirement should not be waived.

■ Plaintiff Local 4 argues that it has exhausted its internal union remedies by submitting its July 14, 1987 appeal to the General Executive Board. That appeal was dismissed at least in part, however, on the basis of the General Secretary–Treasurer's

---

**2.** Plaintiff's allegations regarding the General Executive Board's post-Convention revisions to the rules of order and order of business raise questions as to whether the International officials circumvented established procedures for duly amending those rules. We recognize the seriousness of plaintiff's claims, and are well aware that the union's power to "interpret" its own rules will not allow it to circumvent established procedures for amending those rules. *District Council 37 v. Wurf*, 496 F.Supp. 1021,

1026 (S.D.N.Y.1980); *Colorado Labor Council, AFL–CIO v. American Federation of Labor & Congress of Industrial Organizations*, 349 F.Supp. 37, 45 (D.Colo.1972). Plaintiff, however, has failed to exhaust its internal remedy here, namely, to challenge those revisions at the next Convention. This Court refuses to waive this exhaustion requirement given that plaintiff has not established that pursuing such a remedy would be futile because of existing internal bias or probable delay.

determination that the appropriate forum for challenging the revisions is the next Convention of the International in 1991. The International has taken the position that the clear remedy open to Local 4 is "to present its arguments to the next convention's rules committee and to the delegates themselves." (Memorandum in Support of Defendant's Motion for Summary Judgment at p. 12). At the next convention, the rules committee will address resolutions to amend the rules of order and order of business printed in the 1986 Constitution, including the disputed revisions. It is not enough for Local 4 simply to assert that this proposed remedy is inadequate given that Local 4 should not be placed in the position of challenging the status quo at the next Convention. Rather, Local 4 must establish that an attempt to challenge the General Executive Board's changes to the rules of order and order of business at the 1991 convention would be futile, and therefore should not be a prerequisite to a request for judicial relief. Local 4 has failed to make such a showing. Accordingly, this Court has been given no reason to believe that existing internal bias would render Local 4's challenge at the 1991 Convention futile.

Local 4 argues that appealing to the 1991 Convention would represent an unreasonable delay in obtaining a resolution of this intra-union controversy. This case can be easily distinguished from those cases where the unreasonable delay argument has been successfully asserted. *See, e.g., Perry v. International Longshoremen's Ass'n,* 638 F.Supp. 1441, 1451 (S.C.N.Y. 1986) (a delay exceeding two years is unreasonable where executive council decided to revoke local union's charter). In the present case, the disputed revisions deal with the rules of order and order of business for union conventions. Though the rules are currently in print and are being interpreted by union members who read the International Constitution, the amended rules apply to convention procedure and conduct. The alleged unlawful amendments will have no significant detrimental impact on union members between this time and the 1991 Convention. This Court

is unable to find, therefore, that Local 4's internal union remedy is unreasonable because of probable delay.

In sum, because Local 4 has not exhausted its internal union remedies, nor established that this requirement should be waived, its motion for summary judgment should be denied. This Court should not interfere in such a dispute until plaintiff has exhausted its internal remedies or has demonstrated that those remedies would be futile. *Local Union 1219 v. United Brotherhood of Carpenters & Joiners of America,* 314 F.Supp. at 152. Defendant's motion for summary judgment should be allowed and the plaintiff's complaint should be dismissed without prejudice. *Baker v. United Parts Co.,* 487 F.Supp. 1313, 1316 (W.D.Okla.1980).

Order accordingly.