551 A.2d 5

Burgoe Realty Co., Inc., Appellant *v.* Bern Township Zoning Hearing Board and Township of Bern, Appellees.

Burgoe Realty Co., Inc. *v.* Bern Township Zoning Hearing Board and Township of Bern. Township of Bern, Appellant.

Argued September 12, 1988, before Judges DOYLE, BARRY and McGINLEY, sitting as a panel of three.

Charles E. Zaleski, Tive, Hetrick & Pierce, P.C., with him, Mervin A. Heller, Baskin, Mendelsohn, Leisawitz, Heller & Abramowitch, for appellant/appellee, Burgoe Realty Co., Inc.

Scott L. Huyett, for appellee, Zoning Hearing Board of Bern Township.

Stephen G. Welz, for appellee/appellant, Township of Bern.

OPINION BY JUDGE BARRY, December 8, 1988:

Burgoe Realty Co., Inc. and the Township of Bern have both appealed from an order of the Court of Common Pleas of Berks County which reversed in part and affirmed in part a decision of the Bern Township Zoning Hearing Board (Board).

Burgoe filed an application for approval of a subdivision plan with the Township. At the same time, it filed an application with the Board seeking a variance, a special exception, an interpretation of various provisions of the Township's zoning ordinance and a challenge to the constitutionality of that ordinance on the basis of exclusionary zoning, thereby entitling it to a zoning permit. Burgoe proposed that its property be used by Clements Waste Services, Inc. as a recycling facility and a transfer station for solid waste. It was also proposed that Clements would temporarily store hazardous waste in parked trucks on the property on a short term basis. The Board denied Burgoe's application in all respects.

Burgoe then filed an appeal with the Court of Common Pleas of Berks County. Without taking additional

evidence, the court reversed the Board and approved the zoning permit for all uses except the temporary storage of hazardous waste. In that respect only, the court affirmed the Board. Both parties have appealed.

In its appeal, Burgoe argues that (1) the Board's decision denying the zoning permit for temporary storage of hazardous wastes was contrary to the provisions of the zoning ordinance; (2) if such use was not permitted, the ordinance is unconstitutionally exclusionary; and (3) the Township lacked the authority to regulate such activity. In the appeal of the Township, it is argued that the Board properly denied the zoning permit because (1) Burgoe failed to present specific evidence showing that the proposed use met the dimensional requirements of the ordinance and (2) Burgoe failed to show compliance with the ordinance's performance standards. All of these issues were raised before the trial court and ably disposed of in the comprehensive opinion of the Honorable CALVIN LIEBERMAN. As a result, we will affirm on the bases of that opinion. *Burgoe Realty Co., Inc. v. Bern Township Zoning Hearing Board,* D. & C. 3d (1987).

ORDER

Now, December 8, 1988, the order of the Court of Common Pleas of Berks County at No. 409 April 1986, dated September 28, 1987, is hereby affirmed.

Judge MACPHAIL did not participate in the decision in this case.