IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Alvin V. Kennedy, : 
              Petitioner : 
               : 
       v. : No. 187 C.D. 2016
               : Submitted: January 27, 2017
Department of Human Services, : 
              Respondent : 

BEFORE:   HONORABLE RENÉE COHN JUBELIRER, Judge
              HONORABLE JULIA K. HEARTHWAY, Judge
              HONORABLE DAN PELLEGRINI, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION BY
SENIOR JUDGE PELLEGRINI             FILED: February 24, 2017

        Alvin V. Kennedy (Kennedy) appeals *pro se* the Secretary of the Department of Human Services' (DHS) denial of his request for reconsideration of DHS's Bureau of Hearings and Appeals (BHA) affirmance of an administrative law judge's (ALJ) decision finding that the Jefferson County Assistance Office (CAO) properly allocated the 203 remaining penalty period days for Kennedy's wife, Genevieve Kennedy (wife or Mrs. Kennedy), to Kennedy's own existing penalty period after Mrs. Kennedy's waiver case was closed. For the reasons that follow, we affirm the denial of reconsideration.

        In June 2013, Kennedy fell and fractured his hip, leading to his need for skilled nursing care. Kennedy submitted an application for Medical Assistance

(MA) and Long Term Care (LTC) benefits effective April 15, 2014. Mrs. Kennedy continued to live at home and she submitted an application for Home and Community Based Services (HCBS).

There are strict financial eligibility requirements for MA benefits and, in particular, individuals who dispose of assets for less than their fair market value within a certain period of time prior to their institutionalization are ineligible for MA. *See* 55 Pa. Code § 178.104. After reviewing the applications of Mr. and Mrs. Kennedy, CAO determined that during the prescribed look-back period,[1] Mr. and Mrs. Kennedy had transferred $350,664.06 in assets to their children without receiving fair consideration.[2]

CAO determined that Mr. and Mrs. Kennedy were each responsible for half of the total transferred assets, or $175,332.03. It then calculated Kennedy's period of ineligibility for payment of his MA-LTC services by dividing his portion of the transferred assets by the 2014 average daily private pay rate of $288.21 for a total penalty period of 608 days. In a notice dated June 5, 2014,

---

[1] DHS's regulations outline the general policy on MA resources and define the term "Look-back date/look-back period" as "[t]he specified period of time immediately before the date of an institutionalized individual's application for MA benefits which determines the earliest date on which a transfer of assets for less than FMV [fair market value] can result in ineligibility for MA." 55 Pa. Code § 178.2.

[2] "Fair consideration" is defined in DHS's regulations as "[c]ompensation in cash or in kind which is approximately equal to the FMV of the transferred property," and "FMV" is defined as "[t]he price which property can be expected to sell for on the open market or would have been expected to sell for on the open market in the geographic area in which the property is located." 55 Pa. Code § 178.2.

CAO advised Kennedy he was eligible for MA beginning April 15, 2014, but ineligible for payment of LTC services from April 15, 2014, through December 13, 2015, because he transferred $175,332.03 without receiving fair consideration.[3]

Mr. and Mrs. Kennedy did not initially appeal CAO's notices advising them of the penalty periods; rather, on July 1, 2014, they both applied for undue hardship waivers. CAO partially approved the undue hardship waivers, reducing both penalty amounts by $10,702.83 and, thus, reducing both penalty periods from 608 to 571 days.[4] Mr. and Mrs. Kennedy appealed CAO's decisions regarding the undue hardship waivers. Following hearings, BHA denied both appeals by final orders dated November 20, 2014. No appeals were taken to this Court.

On an unspecified date, Mr. and Mrs. Kennedy both appealed CAO's initial notices regarding the penalty periods imposed against them. Following hearings conducted by BHA on April 21, 2015, these appeals were dismissed as untimely. Again, no appeals were taken to this Court.

On April 21, 2015, the Jefferson County Area Agency on Aging notified CAO that Mrs. Kennedy had been admitted to a personal care home on March 12, 2015, and that her waiver services would not continue while she was in

---

[3] The CAO similarly calculated Mrs. Kennedy's period of ineligibility at 608 days running from April 28, 2014, through December 26, 2015, and sent her notice of such.

[4] Therefore, the end date for Kennedy's penalty period was changed from December 13, 2015, to November 6, 2015, and the end date for Mrs. Kennedy's penalty period was changed from December 26, 2015, to November 19, 2015.

a personal care home. Because she no longer needed HCBS services, CAO closed Mrs. Kennedy's waiver case beginning May 1, 2015.[5] At that time, Mrs. Kennedy had 203 penalty days remaining on her period of ineligibility for LTC services. Via notice dated May 27, 2015, CAO informed Kennedy that his wife's 203 remaining penalty period days were required to be added to his existing penalty period,[6] which changed the end date of his penalty period to May 28, 2016.

Kennedy appealed the CAO's notice and an ALJ held a hearing, at which Kennedy's son and an income maintenance casework supervisor for DHS testified. In an adjudication and order issued on August 31, 2015, the ALJ denied the appeal, finding that the law, regulations and DHS policy all supported CAO's decision to allocate Mrs. Kennedy's 203 remaining penalty period days to Kennedy's existing penalty period after Mrs. Kennedy's HCBS waiver case was closed.

On September 10, 2015, BHA issued a final administrative action order (FAAO) affirming the ALJ's decision allocating Kennedy's wife's penalty period to Kennedy. The FAAO informed Kennedy that he could request reconsideration of the order from the Secretary of DHS within 15 calendar days from the date of the decision, and that he could appeal the decision to this Court within 30 days from the date of the order. Kennedy filed a request for

_____

[5] Mrs. Kennedy did not appeal this decision of CAO.

[6] According to DHS's regulations, "[i]f a transfer by the individual's spouse results in a period of ineligibility for MA, the Commonwealth will apportion the period of ineligibility or any portion of the period between the individual and the individual's spouse if the spouse otherwise becomes eligible for MA. . . ." 55 Pa. Code § 178.104(g).

4

reconsideration with the Secretary on October 13, 2015, which is outside the time to file a request for reconsideration or even appeal to this court.

On December 8, 2015, the Secretary issued an order denying Kennedy's request for reconsideration as untimely and further "for the reasons stated by the Bureau of Hearings and Appeals in its Final Administrative Action Order." (December 8, 2015 Order Denying Reconsideration.)

On appeal, Kennedy states he is appealing the Secretary's order denying his request for reconsideration because he was inappropriately guided by CAO to file his case as an undue hardship waiver rather than an appeal of the initial penalty decision. Kennedy also argues that the asset transfers he and his wife made were gifts made out of the goodness of their hearts and not for the purpose of qualifying for MA. According to Kennedy, a decision on the merits of this underlying issue was never made.

However, those issues are not before us. This is an appeal from CAO's decision to add 203 days to Kennedy's penalty period. It is not an appeal from the initial penalty determination or even an appeal from the request for an undue hardship waiver, both of which were decided in other adjudications from which no appeals were taken to this Court.

Moreover, "[t]he decision to grant or deny a request for reconsideration is a matter of administrative discretion and will be reversed only for an abuse of that discretion." *Keith v. Department of Public Welfare*, 551 A.2d

333, 336 (Pa. Cmwlth. 1988). An abuse of discretion will only be found where the evidence demonstrates there was fraud, bad faith, capricious action or abuse of power. *J.B. Steven, Inc. v. Department of Transportation*, 627 A.2d 278, 280 (Pa. Cmwlth. 1993) (citing *Keith*, 551 A.2d at 336).

The Secretary did not abuse his discretion in denying Kennedy's request for reconsideration. It is clear that the request was not timely filed as it was filed on October 13, 2015, more than 15 days after the FAAO was issued on September 10, 2015. *See* 1 Pa. Code § 35.241(a). Kennedy also failed to present any evidence that CAO erred in determining that his wife's 203 remaining penalty period days were required to be added to his existing penalty period. In addition, there is nothing in Kennedy's brief which even suggests that DHS's Secretary acted in bad faith, fraudulently, capriciously or abused his power in denying Kennedy's request for reconsideration. Again, any allegations of bad faith pertain to previous determinations of CAO which are not presently before the Court on appeal. Accordingly, we affirm.

_____
DAN PELLEGRINI, Senior Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Alvin V. Kennedy,                         :
                    Petitioner            :
                                          :
          v.                              : No. 187 C.D. 2016
                                          :
Department of Human Services,             :
                    Respondent            :


**O R D E R**


AND NOW, this 24th day of February, 2017, the order of the Secretary of the Department of Human Services denying Petitioner Alvin V. Kennedy's request for reconsideration is affirmed.


_____
DAN PELLEGRINI, Senior Judge